Opinion of the court by
Mr. Justice Tkottee.
The errors mainly relied on, are assigned on the refusal of the court to give the instructions asked by the plaintiffs. These instructions involve two questions: 1st. Whether a warranty or representation which is known to both parties to be untrue, can form the foundation of an action. 2d. And whether the representations contained in the printed publication read in evidence to the jury amount to a warranty, or a mere expression of opinion or simple affirmation.
1st. The true rule appears to be, that "the seller is liable to an action of deceit if he fraudulently misrepresent the quality or condition of the thing sold in some particulars of which the buyer has not equal means of knowledge with himself.” 2 Kent, 382. But it is believed to be a well settled principle of the law, that if the defect complained of was open equally to the observation of both parties, it is not embraced by a warranty even against all defects, nor any representation of the vendor. It was upon this ground held, that if a horse is warranted sound, and yet has some visible, palpable defect, which can readily be discovered by a prudent vigilance and attention, the buyer cannot ground an action upon the warranty on account of such defect. So if a house be sold and is warranted to be in a state of repair, the vendee cannot complain if the house have no roof. And in accordance with these principles, it has been determined that if a party purchase an estate concerning which he knew false representations had been made by the vendor, he cannot take advantage of these either at law or in equity. Sugden’s Law of Vendors, p. 283. And in the case of Dyer v. Hargrave, 10 Vez. Jr. 505, when an estate was described as lying, within a ring fence, but which did not answer that description, the , chancellor determined that the purchaser was precluded from insisting upon that as an objection to complete the contract, as he had lived in the neighborhood of the estate all his life and knew the situation of it. The variance *168 of the actual condition of the estate, from that described, was the object of sense, and the purchaser must have known whether the farm did lie in a ring fence or not. These principles fully authorized the first instruction which the court was asked to give the jury, “ that if they believed the defendant had a full knowledge of the condition or situation of the town in regard to the subject of the representation that he could not complain if it was false.” Surely a man cannot complain of a false representation, unless it has been the means of deceiving him. It was, therefore, as we conceive, error in the court to refuse the charge.
2. The second question presented for our consideration may be considered as disposed of in the observations already made. The representations contained in the printed publication could not of course amount to a fraud if they were known to be false by the defendant. Taken however disconnected from the other point in the instructions, we are inclined to the opinion that the court properly refused the instruction secondly asked for. It was too general, and was requiring of the court to assume the province in part of the jury. The question whether the representations of the plaintiffs amounted to a fraud was one which belonged to the jury, whose province it was to respond to it in view of all the circumstances of the case.
If it was the design of the counsel in urging this instruction to obtain the opinion of the court whether the representations referred to amounted to a warranty or an opinion merely, it was still equally proper for the court to refuse it. For this is likewise a question for the jury, who are required to decide it in reference to the intention of the vendor. Kinley v. Fitzpatrick, 4 Howard Rep. 61. 19 J. R. 290. 8 Cowan, 25. For the error, however, in refusing the first instruction, the judgment must be reversed, and a venire de novo awarded.